# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-3030

_____

| | | |
|---|---|---|
| Mack R. Gibson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Constance C. Reese, Sued as | * | [UNPUBLISHED] |
| Constance Reese, Warden, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 6, 2003
Filed: February 10, 2003

_____

Before BYE, FAGG and RILEY, Circuit Judges.

_____

PER CURIAM.

Federal inmate Mack R. Gibson appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition. We affirm.

In February 1994, Gibson was arrested for selling cocaine. His parole was revoked, and he was imprisoned from the date of his arrest until February 20, 1996,

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

his mandatory release date. Meanwhile, in November 1995, the government indicted him on two counts of drug trafficking for selling the cocaine; after a jury trial, Gibson was sentenced on October 2, 1996, to 120 months imprisonment. The judgment stated this sentence was concurrent with any remaining parole-violation time, and recommended that Gibson receive credit for time served since December 13, 1995. The Bureau of Prisons (BOP), however, gave Gibson credit only from February 20, 1996. Gibson filed his section 2241 petition, seeking credit for time he served before that date, and asserting various challenges to the validity of his sentence.

Under 18 U.S.C. § 3585(b), the BOP could give Gibson credit on his instant sentence only for time not credited towards a prior sentence, and the time he spent in custody before February 20, 1996, had been credited to his parole-violation sentence. Further, the BOP had authority to determine the amount of credit Gibson was to receive, and was not bound by the sentencing recommendation. See United States v. Wilson, 503 U.S. 329, 335 (1992). Gibson's challenges to the validity of his sentence--as opposed to its execution--must be brought in a 28 U.S.C. § 2255 motion. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.